### STATE OF OHIO EX REL. v. JOHN HAMILTON.

1. JURISDICTION OF POLICE COURT.

> Under Sec. 6795 Rev. Stat. by the latter clause, an act punishable in the county jail or penitentiary is not made a misdemeanor, but is a felony, and the police court has no jurisdiction to convict of such an offense.

* For decision of common pleas court in this case see 9 Dec. R., 000 (s. c. 17 B., 175.)

**2. DEFECTIVE MITTIMUS.**

The fact that the offense was not properly described, nor that it was wilfully committed, in the mittimus, does not make the imprisonment illegal.

APPLICATION for writ of *habeas corpus.*

ERROR to the Court of Common Pleas of Hamilton county.

BY THE COURT.

The relator filed in the court of common pleas his application for a writ of habeas corpus, alleging that he was illegally restrained of his liberty and imprisoned by George W. Ziegler, the superintendent of the city work-house of the city of Cincinnati. Ziegler thereupon filed an answer to the writ issued to him, setting out the authority under which he detained the relator in his custody. It was a writ, or *mittimus*, issued by the police court of Cincinnati, directed to him, reciting that said Hamilton had been arrested, tried and convicted by said court of the offense "of stoning passenger car of railroad train," and sentenced to pay a fine of $200 and costs of prosecution, and that he stand committed and be imprisoned in the work-house of the city of Cincinnati, until said fine and costs are paid, or he be otherwise discharged according to law; and said Hamilton having failed and refused to pay said fine and costs, said superintendent was commanded to receive and keep him in custody until he pay such fine and costs, or be otherwise discharged according to law. The court of common pleas refused the writ and dismissed the application, and this proceeding is prosecuted to reverse such judgment.

Held: 1. That if the police court had jurisdiction to render such judgment and issue such process, the fact that the *mittimus* does not properly describe such offense, or allege that the act was willfully done (sec. 6862, Rev. Stat.), does not, under the provisions of the habeas corpus law (sec. 5720) authorize the court to discharge the relator.

2. Under sec. 6795, Rev. Stat., which provides that, "offenses which may be punished by death, or by imprisonment in the penitentiary, are felonies; all other offenses are misdemeanors," the offense described in sec. 6862, Rev. Stat., is a felony, for it may be punished by imprisonment in the penitentiary. The fact that it may be punished by fine and imprisonment in the county jail, does not make it a misdemeanor only.

3. Under secs. 1788 and 1789, Rev. Stat., the police court of the city of Cincinnati has no jurisdiction to hear, and finally determine the question of the guilt or innocence of a person charged with a felony. In such a case, it has by the express provision of the sections referred to, only authority, like a justice of the peace, to hear the case, and discharge, recognize or commit the defendant.

The police court, therefore, had no jurisdiction to render the judgment, make the order, or issue the process complained of in this case, and the relator is entitled to his immediate discharge.

The judgment of the court of common pleas, refusing the writ and remanding the relator to the custody of the superintendent of the work-house, is reversed, and it is ordered that the relator be forthwith discharged.

Dan. Thew. Wright, for relator.

J. C. Schwartz and J. C. Hart, for the state.